[No. 1425.  Decided October 18, 1894.]

THE LA FRANCE FIRE ENGINE COMPANY, *Respondent*, v. E. D. DAVIS, *as Treasurer of the Town of Mt. Vernon*, *Appellant*.

MUNICIPAL INDEBTEDNESS — VALIDATION — WARRANTS — ORDER OF PAYMENT.

In the absence of statutory provisions directing the order of payment of city warrants, it is the duty of the treasurer to pay warrants drawn upon any particular fund in the order either of their date or of the time of their presentation to him for payment.

Where warrants illegally issued have been validated by an election they are thereby rendered of full force in accordance with their terms ; and the fact that at the same election the funding of existing indebtedness by the issuance of bonds was authorized will not restrict the payment of such warrants to the proceeds of the bonds, but the warrants are properly payable from any moneys in the fund upon which they were originally drawn.

*Appeal from Superior Court, Skagit County.*

J. *Henry Smith*, for appellant.
*Million & Houser*, for respondent.

The opinion of the court was delivered by

HOYT. J.— It appears from the record in this case that the town of Mt. Vernon, being indebted in a sum in excess

of one and one-half per cent. of the valuation of its prop-
erty, incurred an indebtedness to the respondent, and issued
its warrants for such indebtedness; that subsequently the
common council of said town regularly submitted the ques-
tion of the validation of such warrants to the qualified voters
of the town at an election called therefor, at which election
the warrants were duly validated; that such submission
was under the provisions of ordinance No. 73; that by
virtue of ordinance No. 74, the question of funding the in-
debtedness then existing against the town was also sub-
mitted at the same election, and the proposition ratified as
required by law; that subsequent to the date of the warrants
so validated the city had incurred additional indebtedness,
and issued warrants therefor; that the bonds proposed to
be issued in the funding proceedings had never been nego-
tiated, and that the treasurer of said town was threatening
to apply moneys, which had or should come into his hands,
to the payment of warrants issued since such election to the
exclusion of those warrants issued before and duly vali-
dated.    This was a proceeding by which such action on
his part was sought to be restrained.    The superior court
granted the relief prayed for, and the town has prosecuted
this appeal.

It is conceded in the brief of the appellant that the rati-
fication of the invalid indebtedness had the same force and
effect that the assent and authorization by vote of the elec-
tors would have had if taken prior to the incurring of the
same, and that upon such vote each warrant became a valid
obligation from the date of its issue, but he suggests two
reasons why the judgment of the lower court should be
reversed.    The first is that prior to the act of March 7,
1893 (Laws, p. 76), there was no law requiring warrants
to be paid in any particular order, and that the order in
which they should be paid was left entirely to the discre-
tion of the treasurer.    But, in our opinion, even before

the passage of such act it was the duty of the treasurer to pay warrants drawn upon any particular fund in the order either of their date or of the time of their presentation to him for payment.

The other reason grows out of the funding of the indebtedness. It is claimed, first, that the result of the passage and ratification of the ordinance providing therefor was to make the warrants payable only out of a particular fund, and that since the money which the treasurer was about to apply to the payment of warrants of a later date was not in that fund, these warrants were not entitled to be paid therefrom. If, however, these warrants were by the vote validating the same rendered of full force from the date of their issue, as conceded by appellant, they were rendered of force in accordance with their terms, and it would be beyond the power of the council thereafter to provide for their payment out of a different fund from that upon which they were drawn without the creation of such a fund so that the warrants might be paid therefrom.

It is further suggested that since the question of the validation of these warrants was submitted at the same time with the question as to the funding of the indebtedness, such validation should be construed to depend upon the proposed funding, and that the validation would only have effect to the extent of providing that they should be payable out of the funds derived from the bonds issued in accordance therewith. This suggestion is ingenious; but we do not think the validating proceedings can be thus limited. It would have been within the power of the council to have submitted the question of validation at an entirely different election, and the fact that the legislature has provided that the question of such validation and of funding may be submitted at the same election cannot give a different effect to the validating proceedings from that they would have had if the vote thereon had been at an election where no other

question was submitted.   The warrants, after the validating proceedings, became the valid warrants of the corporation, and as such entitled to be treated by all the officers thereof.

As we construe the record, the action of the superior court was warranted, and its judgment will be affirmed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.