[No. 1843.  Decided July 22, 1895.]

WILLIAM WEST, *Appellant*, v. THE CITY OF CHEHALIS
*et al.*, *Respondents*.

MUNICIPAL CORPORATIONS — VALIDATING ILLEGAL WARRANTS — BASIS OF
THE LIMIT OF INDEBTEDNESS.

Where municipal indebtedness, at the date of its incurring, is
within five per cent. of the taxable property of the city as shown by
the last previous assessment, the indebtedness may be validated by
a subsequent vote of the citizens, irrespective of the value of the
taxable property as shown by the assessment in force at the time of
the validating election.

*Appeal from Superior Court, Lewis County.*

*W. A. Reynolds,* for appellant.

*M. Yoder, Alfred E. Buell,* and *Crowley, Sullivan &
Grosscup,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Appellant, as a tax payer of the city of
Chehalis, commenced this action in the lower court for
the purpose of restraining the officers of said city from
issuing bonds to fund certain warrants theretofore
issued.   The complaint shows that the city council, on
August 20, 1894, passed an ordinance providing for an
election to be held on October 2, 1894, at which election
there was submitted to the voters of the city three propo-
sitions, two to validate certain warrants, and the third to
issue bonds to fund said warrants, if validated; that at
the said election all the propositions submitted carried,
more than three-fifths of the voters voting therefor.
The complaint further alleges that all the warrants so
sought to be validated were void for the sole reason
that the same were issued when the valid indebted-

24 — 12 WASH.

ness of said city incurred for general municipal purposes equalled one and one-half per cent. of the assessment roll and without the assent of three-fifths of the voters of said city, voting at an election held for that purpose. It further alleges that on October 2, 1894, the date of said election, the assessment roll of the city was $594,910, and the valid indebtedness of the city was $10,500, and that this valid indebtedness together with the indebtedness sought to be validated exceeded the constitutional limit of five per cent.

The respondents answered admitting all of the material allegations in the complaint, but setting up that all the warrants sought to be validated were issued between June 13, 1892 and January 23, 1893; that during said period the assessment roll of said city was $698,447 and that these validated warrants together with the valid indebtedness outstanding during that period did not exceed five per cent. of the assessment roll in force at that time.

To this answer appellant filed a general demurrer, which was overruled, and, electing to stand thereon, final judgment was entered dismissing his complaint, from which judgment he appeals.

Sec. 6, art. 8 of the constitution of Washington, is as follows:

"No county, city, town, school district or other municipal corporation shall for any purpose become indebted in any manner to an amount exceeding one and one-half per centum of the taxable property in such county, city, town, school district or other municipal corporation, without the assent of three-fifths of the voters therein voting at an election to be held for that purpose, nor in cases requiring such assent shall the total indebtedness at any time exceed five per centum on the value of the taxable property therein, to be ascertained by the last assessment for state and

county purposes previous to the incurring of such indebtedness, except that in incorporated cities the assessment shall be taken from the last assessment for city purposes: *Provided,* That no part of the indebtedness allowed in this section shall be incurred for any purpose other than strictly county, city, town, school district or other municipal purposes: *Provided, further,* That any city or town with such assent may be allowed to become indebted to a larger amount, but not exceeding five per centum additional, for supplying such city or town with water, artificial light and sewers when the works for supplying such water, light and sewers shall be owned and controlled by the municipality."

At the time of their issuance the warrants which were sought to be validated at this election, together with the valid outstanding indebtedness of said city, did not exceed five per cent. of the value of the taxable property in said city, as ascertained by the last assessment for state and county purposes *previous to the issuing of said warrants* so sought to be validated. But it appears that at the date of said election the amount of said warrants added to the valid outstanding indebtedness of said city exceeded in the aggregate five per cent. of the value of the taxable property of said city, as ascertained by the last assessment *previous to said election.* It is conceded that if the election is to be considered as relating back and giving force to the warrants as of the dates they were issued, so that the debt can be said to have been incurred at such dates, then the demurrer was properly overruled, and the judgment must be affirmed.

The act of February 10, 1893 (Laws 1893, p. 10) under authority of which the election in this case was held, is a substantial re-enactment of the act of March 7, 1891 (Laws 1891, p. 267); and this court held, in *Baker v. Seattle,* 2 Wash. 576 (27 Pac. 462) that the act

of 1891 was not obnoxious to the provisions of § 6, art. 8, of the constitution, and that the assent of the voters might be given to the creation of indebtedness *after* as well as before the attempted creation thereof. Upon the undisputed facts here it is clear that it would have been competent and legal for the voters of the city to have given their consent to the incurring of the indebtedness for which these warrants were issued, provided such assent had preceded the incurring of the debt. In other words, the city authorities would with the assent of the voters have had a lawful right to issue these warrants, and in that event the warrants would have been absolutely legal and valid. Now, it seems to be well settled law that subsequent assent is equivalent to precedent authority, and "operates upon the contract in the same manner as though the authority to make the contract had existed originally." *Zottman v. San Francisco*, 20 Cal. 97 (81 Am. Dec. 96); Mechem, Agency, § 112; *Cook v. Tullis*, 18 Wall. 332; *La France Fire Engine Co. v. Davis*, 9 Wash. 600 (38 Pac. 154). This proposition has been recently reaffirmed by this court in *Williams v. Shoudy, ante*, p. 362, and the proposition last discussed in that case is so analogous to the sole question here presented that we deem it unnecessary to extend this opinion further.

We conclude that the warrants in question, as to both principal and interest, were validated as a result of the election held in the city of Chehalis on October 2, 1894, and the judgment of the superior court must be affirmed.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.