[S. F. No. 1773.  In Bank.—February 15, 1902.]

## THE FRESNO CANAL AND IRRIGATION COMPANY, Appellant, v. W. H. McKENZIE, and J. G. JAMES, Respondents.

CONTRACT WITH CITY FOR SEWERAGE—FORM OF JUDGMENT—DIRECTION FOR PAYMENT—OTHER CLAIMS NOT SUPERSEDED—WARRANT REQUIRED.—A judgment upon a contract with a city for taking care of its sewerage during a particular fiscal year should only be general in form, without special provision as to the revenue from which it is to be satisfied, which is a matter regulated by the constitution and the law; and if such provision is inserted, it does not operate to supersede or supplant other claims against the same fund.  The treasurer cannot pay the judgment, or any part thereof, without a warrant allowed and drawn for that purpose.

ID.—ALLOWANCE OF WARRANTS IN ORDER OF PRESENTATION OF CLAIMS— PART OF JUDGMENT—CLAIM FOR FLUSHING SEWERS—ERROR.—Where the trustees ordered warrants payable out of the sewer fund for the same fiscal year, in the order of the presentation of the claims as they fell due upon the respective contracts therefor, and accordingly allowed a warrant for part of the judgment against the county upon the contract for taking care of the sewerage, and another warrant for an amount next falling due upon a contract for flushing sewers, it is error to hold that the remainder of the judgment directing payment out of the sewer fund superseded such other claim first presented.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial.  J. R. Webb, Judge.

The facts are stated in the opinion of the court.

Frank H. Short, and F. E. Cook, for Appellant.

E. D. Edwards, and W. C. Graves, for Respondents.

VAN DYKE, J.—The plaintiff's assignor, one McMurtry, during the years 1893 and 1894 had a contract with the city of Fresno to furnish water for flushing the sewers of the city, for which he was to be paid $400 per month out of the sewer fund.  At the same time one McBean had a contract with said city for taking care of its sewerage for $4,900 per annum,

CXXXV. Cal.—32

payable quarterly out of said sewer fund. McMurtry filed his claim with the clerk of the city, under this contract, for $1,200, alleged to have been due and unpaid for the months of October, November, and December, 1893, and thereafter assigned the contract and the rights thereunder to the plaintiff, who continued to carry out his contract. The city refused to pay McBean, on the ground that his contract was illegal. Thereupon he commenced an action in the superior court of Fresno County against said city and the treasurer thereof, defendant McKenzie, to enforce the payment of the amount due on his contract. The court below rendered judgment against him, but upon appeal this court held the contract to be valid and enforceable, and that he was entitled to recover the amount due thereon. (*McBean* v. *City of Fresno,* 112 Cal. 159.[1]) Upon the re-trial the superior court of that county, August 13, 1896, entered judgment in favor of McBean against the city for $4,900, and decreed that it should be paid "out of any moneys now in the sewer fund of the city of Fresno for the year ending June 30, 1894," and that "the treasurer of said defendant, city of Fresno, pay over to the said plaintiff any money now in his hands or subject to his control as such treasurer, or that may hereafter come into his hands or under his control as such treasurer, belonging to the sewer fund for the fiscal year ending June 30, 1894, or out of any other money that may come into his hands or under his control of the sewer fund of said year, as such treasurer, available therefor, and not otherwise appropriated." McBean presented a certified copy of the judgment to the board of trustees and demanded that it should be audited and allowed. Thereupon, on the 22d of January, 1897, the following proceedings were had by said board of trustees of said city:—

"In the Matter of the claim of Alexander McBean against the city for caring for sewerage in 1893-94, and the claim of the Fresno Canal and Irrigation Co. for furnishing water for flushing sewers during the same period.

"The payment of the McBean claim having been contested and the supreme court of this state having declared the contract upon which the claim was based valid, and there remaining no reason why the claims of McBean and the canal company should not be allowed, to the extent of the money

[1] 53 Am. St. Rep. 191.

in the treasury available for the payment of the same, it is moved by trustee Spinney that the claim of Alexander McBean for $1,225, filed with the city clerk January 11, 1894, be and the same is hereby allowed, and that a warrant be ordered drawn against the sewer fund for said sum in favor of Alexander McBean; also that the claim of W. S. McMurtry for $1,200, filed with the city clerk on January 26, 1894, and assigned to the Fresno Canal and Irrigation Co. be allowed, and that a warrant be ordered drawn against the sewer fund for said sum in favor of the Fresno Canal and Irrigation Co., and that the claim of Alexander McBean for $1,225, filed with the city clerk March 21, 1894, be allowed for the sum of $233.00, that being the amount of money remaining in said sewer fund June 30, 1894, and at the present time and now available for the payment of claims against the sewer fund for the fiscal year ending June 30, 1894. And it is further ordered that a warrant be ordered drawn in favor of Alexander McBean for the sum of $233, payable out of the sewer fund. The motion was duly seconded and carried.''

In accordance with and in pursuance to the direction of said resolution of said board of trustees, the clerk of said city, January 22, 1897, drew a warrant in favor of the plaintiff against the said sewer fund of said city of Fresno, directed to the defendant McKenzie, as treasurer, for the said sum of $1,200. The said warrant was in all respects in due form and according to law, and authorized the payment thereof out of the sewer fund for water for flushing the sewers of said city for one quarter,—to wit, for the months of October, November, and December, 1893, and during the fiscal year ending on June 30, 1894. On the same day,—to wit, January 22, 1897,—plaintiff presented said warrant to the defendant McKenzie, as treasurer of said city, and demanded payment thereon, which was refused. At the time the warrant was presented and demand made there was in the hands and possession and control of the defendant McKenzie, as treasurer of said city, the sum of $2,603.75, levied, collected, and appropriated for the said sewer fund for and during the fiscal year ending June 30, 1894. Prior to the presentation of plaintiff's warrant no warrant had been presented to the treasurer or demand made upon him or said fund, except the demand of said McBean upon said judgment. Long after

the presentation by plaintiff of the warrant in its favor and demand for the payment thereof,—to wit, in May following,— defendant McKenzie paid out on the judgment in favor of McBean the whole of the sum remaining in said sewer fund,— to wit, $2,603.75. Thereupon the plaintiff brought this action against the defendant McKenzie, as treasurer of said city, for the payment of the full amount remaining in the sewer fund upon the McBean judgment, and the refusal to pay plaintiff's warrant when presented, alleging that the said payment was made wrongfully and without any authority of law, and that he should have paid the amount due on plaintiff's warrant at the time when it was presented, there then being money in the said sewer fund applicable to the same; James, being surety on the official bond of said defendant McKenzie as such city treasurer, was joined with him as defendant. The court below held with the contention of the respondent that defendant McKenzie, as city treasurer, was bound to pay the whole amount in the sewer fund upon the McBean judgment, and therefore was justified in refusing to pay said warrant drawn in favor of plaintiff. The appeal is from said judgment and the order denying plaintiff's motion for a new trial.

By section 18 of article XI of the constitution it is declared: "No county, city, . . . shall incur any indebtedness or liability in any manner, or for any purpose, exceeding in any year the income and revenue provided for such year, without the assent of two thirds of the qualified voters thereof voting at an election to be held for that purpose. . . . Any indebtedness or liability incurred contrary to this provision shall be void." This court has been called upon to consider this provision of the constitution in a number of cases that have been before it. In *Weaver* v. *San Francisco*, 111 Cal. 319, it was said: "Whoever deals with a municipality does so with notice of the limitation of its power, and with notice, also, that he can receive compensation for his labor or materials only from the revenues and income previously provided for the fiscal year during which his labor and material are furnished." Again: "As the constitution limits the obligation of the municipality upon any indebtedness or liability that it may incur to the income and revenue provided by it for that year in which such indebtedness and liability is in-

curred, the means for satisfying the judgment which established that obligation is equally limited.'' And the court adds: ''And it is eminently suitable that the mode of satisfaction should be made a part of the judgment.'' This portion of the opinion has been since modified, as will be hereafter noted. In reference to the right of a party to have his claim reduced to judgment, the court added: ''At all events, he has the right to a judgment against the city for the amount of his claim, with the limitation that it shall be satisfied out of the income and revenue provided for the fiscal year, . . . after the payment of such other demands against such income as are properly payable in preference to his own.'' In *McBean* v. *City of Fresno*, 112 Cal. 159,[1] it was held that the McBean contract was valid and that he was entitled to judgment, referring with approval to the case of *Weaver* v. *San Francisco*, 111 Cal. 319, as the rule governing such cases. In *Higgins* v. *San Diego Water Co.*, 118 Cal. 524, the question under consideration was fully reviewed and elaborately considered. In the final opinion in Bank in that case it is said: ''On a former hearing of this cause, judgment in favor of the city of San Diego was reversed, with direction to the superior court to enter judgment in favor of the water company for the reasonable value of the use of its distributing plant, etc., said judgment to be payable only out of the revenue of those fiscal years during which the city held possession of the plant. A rehearing was ordered, principally upon the question as to the proper form of the judgment. Upon further consideration of the case, we have reached the conclusion that the water company should have an ordinary general judgment for whatever amount shall be found due it, without any direction as to the revenue out of which the judgment shall be satisfied.'' And, referring to previous cases, including *Weaver* v. *San Francisco*, 111 Cal. 319, suggesting that the language used in some of such decisions in reference to the form of the judgment was too broad, the court repeats: ''We think, therefore, that in a case like the one at bar there should be a general judgment in the usual form without any direction as to the method of its payment. . . . At all events, we are satisfied that, for the reasons above suggested, the judgment in such a case should

---

[1] 53 Am. St. Rep. 191.

be general, without any restriction that might embarrass future action." In other words, it is held that a judgment has no other effect than to establish the validity of the party's claim in whose favor it is rendered. It does not supersede or supplant other recognized and valid claims equally entitled to payment out of the same fund. This was the view taken by the city trustees when they ordered the warrants issued to the plaintiff and said McBean in the order of presentation of their respective claims. Section 766 of the Municipal Act applicable to the city of Fresno reads: "All demands against such city, except as otherwise by law provided, shall be presented to and audited by the board of trustees, in accordance with such regulations as they may, by ordinance, prescribe; and, upon the allowance of any such demand, the president of the board shall draw a warrant upon the treasurer for the same, which warrant will be countersigned by the clerk, and shall specify for what purpose the same is drawn, and out of what fund it is to be paid." Section 786 of said Municipal Act reads: "It shall be the duty of the treasurer to receive and safely keep all moneys which shall come into his hands, as city treasurer, for all of which he shall give duplicate receipts, one of which shall be filed with the city clerk. He shall pay out said money on warrants signed by the proper officers, and not otherwise, except interest coupons on bonds. He shall make quarterly settlements with the city clerk. He shall collect all taxes levied by the board of trustees, if so required by the ordinance." The defendant treasurer, therefore, of said city, was no more authorized to pay the McBean judgment than he would have been to pay any other lawful demand without a warrant being drawn by the proper authority for that purpose. If the board of trustees had refused to recognize the judgment or draw a warrant in favor of McBean's demand, as in the other case, they could have been compelled to do so by proper process; but it appears the board of trustees did not so refuse, but ordered and had drawn warrants for the respective claims of the plaintiff and McBean, according to the date of their presentation, they then being due under the respective contracts. The court in that case had no jurisdiction over the plaintiff; it was not a party to the action, and any judgment that might be rendered therein could not in the least affect its rights in the premises. According to the rule laid

down in *Higgins* v. *San Diego Water Co.*, 118 Cal. 524, all beyond the general judgment establishing McBean's claim was unauthorized; it could not direct in what order it should be paid—that matter is regulated by the constitution and the law. The court below erred in holding that the McBean judgment superseded and displaced the equally valid claim of the plaintiff, and that the defendant the city treasurer was justified in paying out the whole amount then remaining in the sewer fund on said judgment, and in refusing to pay the warrant drawn in favor of plaintiff.

Judgment and order reversed and cause remanded.

Harrison, J., Garoutte, J., and Temple, J., concurred.