[Civ. No. 1593.   Third Appellate District.—December 6, 1916.]

## PACIFIC GAS & ELECTRIC COMPANY (a Corporation), Appellant, v. ROY E. COLE, Treasurer of the County of Yolo, Respondent.

RECLAMATION DISTRICT—PAYMENT OF WARRANTS—REFUSAL BY TREAS-URER—INSUFFICIENCY OF FUNDS TO PAY PREVIOUSLY REGISTERED WARRANTS.—A county treasurer is justified under section 3457 of the Political Code, providing for the registration of unpaid reclamation district warrants, in refusing to pay the amount of certain warrants out of any moneys deposited with him for the purpose of paying outstanding unpaid and registered warrants of the district, where such payment would leave an insufficient amount in his hands to pay outstanding warrants of an earlier date which had been presented and registered as unpaid warrants.

ID.—REGISTERED WARRANTS—PRIORITY OF PAYMENT.—The holders of reclamation district warrants on which demand for payment and registration have been made are entitled to priority of payment in the order of their presentation.

ID.—MANDAMUS—DEFENSE—DEMAND FOR PAYMENT OF PRIOR WAR-RANTS—PROOF NOT REQUIRED.—In a *mandamus* proceeding to compel the treasurer to pay the later warrants, he may interpose the defense of insufficiency of funds, without first showing a demand for payment made upon him by the prior warrant holders, as the "presentation" of the warrants and their registration constitute a demand for payment.

APPEAL from a judgment of the Superior Court of Yolo County.   W. A. Anderson, Judge.

The facts are stated in the opinion of the court.

Harrison & Harrison, Leo H. Susman, and Wm. B. Bosley, for Appellant.

Arthur C. Huston, and Harry L. Huston, for Respondent.

CHIPMAN, P. J.—Mandate.   The action was commenced in the superior court of Yolo County to obtain a writ of mandate commanding defendant to immediately pay to petitioner the amount of each of two warrants, to wit, warrants No. 524 and No. 567 of Reclamation District No. 730, with the interest legally due thereon, "out of any moneys deposited with or

held by defendant for the purpose of paying outstanding unpaid and registered warrants of said Reclamation District No. 730."

It is alleged in the petition that Reclamation District No. 730 is and at all times mentioned in the petition it was a reclamation district duly organized by the board of supervisors of Yolo County; that certain named persons were on June 29, 1912, the duly elected, qualified, and acting trustees of said district; that on said June 29, 1912, for value received, there was executed and delivered to petitioner by said trustees a warrant, No. 524, reading in part as follows: " . . . The Treasurer of Yolo County will pay out of the Reclamation Fund, District No. 730, to the order of Pacific Gas & Electric Co. Five Hundred and one and 85/100 Dollars,"—duly signed; that said warrant was approved by the then board of supervisors of said county and thereupon there was written upon the face of said warrant, by order of said board of supervisors, as follows: "Approved by the Board of Supervisors of Yolo County, Cal.   July 1, 1912.   M. H. Stitt, Chairman"; that thereafter, thus approved, said warrant was presented for payment to defendant as treasurer of said county, "but said warrant was not paid and said warrant has never been paid"; that when said warrant was so presented for payment, defendant as such treasurer indorsed thereon as follows: "Not paid for want of funds.   July 1, 1912.   Roy E. Cole, Treasurer, Yolo Co. Cal."; that "thereupon said warrant was duly registered."   Like averments are set forth touching warrant No. 567, which was dated and delivered to petitioner May 4, 1914, for the sum of $416.98; approved by the board of supervisors May 5, 1914, presented to defendant for payment on that day, and on the same day indorsed by him as in the case of warrant 524, and was likewise "thereupon duly registered"; that each of the said two warrants "is a valid outstanding unpaid and registered warrant of said Reclamation District No. 730."

It is further alleged that on October 26, 1914, in an action theretofore commenced in said superior court by petitioner herein as plaintiff against said reclamation district as defendant, pursuant to section 3457 of the Political Code, based upon said two warrants and upon certain other warrants theretofore drawn and issued by the trustees of said district, there was duly given and made by said superior court a final judg-

ment in favor of the two warrants hereinabove mentioned, establishing their validity and adjudging that petitioner herein have and recover from said district the sum of $7,034.04,. which was the aggregate of the principal amounts of said two warrants and of certain other warrants mentioned in the complaint in said action, and of the interest accrued on said several warrants referred to; that no part of said judgment has been paid; that at the time said judgment was made "all of the warrants therein referred to in compliance with an order made by the above-entitled court were marked by the clerk of said court as having been canceled by order of said court, and all of said warrants, after having been so marked, were surrendered to said Reclamation District No. 730''; that thereafter execution upon said judgment was issued out of said court and delivered to the sheriff, and was by petitioner caused to be served upon defendant as treasurer, and caused a demand to be made upon said treasurer on the —— day of July, 1915, for the payment of the warrants referred to in said judgment, "which said warrants, at the time when said demand was made, had already been surrendered to said Reclamation District No. 730 in compliance with said order of said superior court as aforesaid''; that none of said warrants at the time of said demand had ever been surrendered to said reclamation district otherwise than in compliance with said order of said superior court. It is then alleged that prior to the service of the writ of execution upon defendant, and when said demand was made upon him, said reclamation district had caused certain moneys to be deposited with defendant as such treasurer for the purpose of paying outstanding unpaid and registered warrants of said district, and at said time said defendant had in his possession and under his control, and ever since has had and now has in his possession and under his control, as petitioner is informed and believes, and so alleges, more than sufficient, of said moneys to pay said two warrants, together with the interest due thereon, and that said moneys are applicable to the payment of said two warrants; that, nevertheless, defendant refused to comply with said demand, and ever since has refused and still refuses to pay said two warrants or either of them.

In his answer, defendant denied that either of said warrants is a valid outstanding registered warrant of said district; denied that petitioner is the owner of said two warrants

or either of them; averred that petitioner on October 26, 1916, canceled and surrendered said warrants to said district, and immediately delivered the same to defendant, and they have ever since been and now are in his possession; denied that there was a judgment, as alleged in the petition, made by said superior court on October 26, 1914, in the action referred to in said petition establishing the validity of said two warrants; averred that the complaint and judgment in said action were as shown in exhibits "A" and "B," respectively, made part of said complaint and also made part of the answer herein, and that said district surrendered all of the warrants the subject of that action to defendant herein; admitted service of the execution referred to in the petition, and that there is now in petitioner's possession the sum of $1,032.71 belonging to said district; denied that said moneys have been or now are available for or properly applicable to the payment of said two warrants; averred that said sum is on deposit with defendant as such treasurer for the purpose of paying outstanding unpaid registered warrants of said district "in their regular order of registration"; that "warrants Nos. 288, 292, 297, 312, and 313, issued by Reclamation District No. 730, were registered and are payable out of said moneys prior to any warrants mentioned in the petition herein"; that after the payment of said last-named warrants "there will not be sufficient funds in the hands of respondent to pay any of the warrants mentioned in the petition herein."

The action referred to in the petition was an action against said district to recover judgment upon six different warrants of said district, among which were the two involved in this action. It was alleged in each cause of action set forth in the complaint in that action that "although payment thereof (the warrants sued upon) has been frequently demanded, said warrant has not, nor has the debt evidenced thereby or any part thereof been paid," and the whole amount is due and unpaid. The prayer is for "judgment against defendant for the sum of $6,757.20 in gold coin of the United States of America, together with interest . . . and for such other and further relief as may be proper in the premises." It appears from recitals in the judgment that defendant answered admitting the averments of the complaint, and that defendant did not otherwise appear at the trial. The judgment was that plaintiff recover from defendant $7,034.04,

being the amount of the principal and interest "as set forth in the complaint," and plaintiff's costs of suit. There is no averment in the complaint and nothing in the findings or judgment showing that the action was to "establish the validity of said two warrants" as charged in the petition herein.

To the present action the court found as facts: 1. That the said two warrants have been at all times since they were registered as alleged in the petition and now are valid registered warrants of said district and are unpaid; 2. That in the action referred to in the petition "an order was made by this court on the twenty-sixth day of October, 1914, directing the clerk of this court to mark as canceled the warrants referred to in said complaint," including the two warrants here involved, "and to deliver said warrants when so marked to the attorney for the defendant in said action"; that in obedience to said order the clerk so marked and canceled and delivered said warrants to said attorney; that neither of said two warrants "was ever canceled at all except as aforesaid, or was ever surrendered to said district except as aforesaid"; that said two warrants at the time they were issued were issued to petitioner and petitioner was the holder thereof thenceforward until marked as aforesaid by the clerk of said court, "and each of said warrants has been at all times since it was issued as aforesaid and is now owned by the petitioner herein." Each of said warrants was delivered to defendant herein with the consent of said district subsequent to the twenty-sixth day of October, 1914, "and has been ever since it was so delivered to him and is now in his possession." 3. That at the time when said demand was made upon defendant by petitioner there was in the hands of defendant belonging to said district the sum of $1,032.71, which was not sufficient to pay both said warrants and accrued interest, but was sufficient to pay warrant No. 524 and petitioner has offered to accept said sum of $1,032.71 in full satisfaction of said two warrants. 4. That when said demand was made there were outstanding certain other warrants, "all of which had been duly issued and registered prior to the date of the earlier in date of said two warrants and all of which are unpaid"; that the aggregate of the amount of said last-mentioned warrants is such that "if all of said prior warrants

were to be paid out of said money . . . the balance would be less than the amount of either of said two warrants.''

As conclusion of law the court finds that defendant is entitled to have the writ of mandate dismissed, and judgment was accordingly entered. Plaintiff appeals from the judgment on the judgment-roll.

Respondent advances certain propositions in support of the judgment which were anticipated by appellant and made the subject of its points and authorities in its attack upon the judgment. Respondent contends: 1. That the legal effect of the action brought by the electric company ''was to destroy or annul them as outstanding, subsisting obligations of the district, and the recovery of judgment based upon them substituted a new and different obligation in a new and different form—that of the general judgment''; that the warrants have ceased to exist; that the general judgment substituted for them does not meet the requirements of sections 3456 and 3457 of the Political Code, and to pay the judgment would be a violation of the terms of the statute. 2. Appellant having reduced its claim on the warrants to judgment, whatever rights or remedies it has as holder of the warrants were merged in its rights as judgment creditor. 3. Reclamation district warrants must be paid, under section 3457 of the Political Code, in the order of the date of their issuance, or if registered as outstanding, unpaid warrants, in the order of registration. 4. All moneys collected by a reclamation district must be deposited in the county treasury to the credit of the district and ''paid out for works of reclamation upon the warrants of the trustees, approved by the board of supervisors.'' The court is authorized to proceed against a reclamation district in two ways only: First, issue a writ of mandate to compel the trustees to draw a warrant for the amount found by the court to be due in the *mandamus* proceeding. Second, ''to establish the validity of a warrant in order to prevent the same from being barred and so as to authorize the payment of the same or its application on an assessment after the expiration of four years from the date of its issuance.''

Section 3456 of the Political Code provides for the appointment by the board of supervisors of commissioners to assess upon the land within the district the sum estimated as necessary for the proposed work. ''The same must be

collected and paid into the county treasury as hereinafter provided, and be placed by the treasurer to the credit of the district, and paid out for the works of reclamation upon the warrants of the trustees, approved by the board of supervisors.'' Then follow provisions for the payment of bonds, if bonds have been issued, not involved in this case.

The more important provisions of the statute are found in section 3457, from which we quote:

''The warrants drawn by the trustees must be presented to the treasurer of the county, and if they are not paid on presentation, such indorsement must be made thereon, and they must be registered and bear interest from the date of such warrant . . . and such warrants are and shall be considered as contracts in writing for the payment of money, and the period prescribed for the commencement of an action based upon said warrants, or connected therewith, is and shall be the term of four years from the date of their issuance; provided, that all warrants in excess of the sum of fifty dollars . . . shall be approved by the board of supervisors before the same shall be paid by the county treasurer.

''Any owner of land in the district may at any time pay any assessments thereon (excepting an assessment upon which bonds have been issued), or any part thereof, with warrants of the district. No warrant shall be paid or received on an assessment, except within four years after the date of its issuance. The board of trustees and the treasurer must cancel all warrants not paid within four years after date of issuance; provided, that any warrant not paid or received on assessment within four years after the issuance may, before the expiration of such four years, upon the demand of the owner or holder, be extended for a like period of four years, upon the presentation of the same to the board of trustees of the district, such extension being indorsed thereon by said board and a record thereof filed with the treasurer. In case an action or proceeding based upon any warrant or connected therewith, be commenced within four years after the issuance of such warrant, and final judgment be obtained in favor of the holder or owner thereof, such warrant shall be paid or received on assessment the same as if it had been paid or received on assessment before the expiration of said four years from the date of its issuance.

"In any proceeding for a writ of mandate to compel the trustees to issue a warrant, if a controversy arises as to the amount that may be due to the plaintiff, the court must determine the same in the manner provided for determining controversies in other civil actions, and shall cause a writ to issue for such sum as may be found to be due."

The action by appellant on the warrants here involved was commenced under section 3457, July 7, 1914, as to warrant No. 524, two years and a few days after its issuance, approval, and registration; and, as to warrant No. 567, two months after its issuance, approval, and registration. The action was not necessary to establish the validity of the warrants or to determine any controversy over the amount due thereon, for they had the approval of the board of supervisors and had been registered as outstanding obligations of the district. Neither was the action brought for such purpose nor was any such relief given. Nor was it necessary to bring the action in order to obtain an extension of time for payment, for one of the warrants had two years and the other three years and ten months to run. Besides, the statute expressly provides that any needed extension of time may be given by the board of trustees on presentation of the warrant. "As contracts in writing for the payment of money," which the statute declares them to be, the action seems to have had no other object than to change these contracts into the form of a general judgment against the district with interest added, and precisely this is what was accomplished. As found by the court in the present action, the warrants were introduced as evidence in the former action by plaintiff therein and by the direction of the court were canceled by the clerk, so far as appears, without objection by plaintiff, and delivered to defendant therein with the consent of the district and are now in defendant's possession. The usual course where an action is brought upon a written instrument, a promissory note, for example, is to surrender the instrument for cancellation precedent to judgment. It is true the court found that petitioner was the holder and owner of these warrants from their issuance until "marked as aforesaid by the clerk," and that at all times since they were issued plaintiff has been the owner of said warrants and they are "now owned by petitioner herein." This fact does not nullify the finding that the warrants were surrendered by

petitioner and were without objection canceled and are now in defendant's possession.

The statute does not authorize the treasurer to pay out money of the district except "upon the warrants of the trustees, approved by the board of supervisors." Whether or not petitioner by its judgment in the action on its warrants obtained any right except to have a warrant issued by the trustees for the amount of the judgment, which was for the aggregate amount of six different warrants and accrued interest, is a question in the case, and if such was the result of the action, a further question arises—Was the treasurer authorized to pay any money out of the treasury on the judgment inasmuch as he can only pay out money upon presentation of a warrant? (*Fresno Canal & Irr. Co.* v. *McKenzie,* 135 Cal. 497, [67 Pac. 900].) If he was not so authorized, *mandamus* would not lie in this case.

The petition states that the demand made upon the treasurer was by service of the execution issued out of the superior court on the judgment in said action, and it is alleged that the demand made was "for the payment of the warrants referred to in said judgment." The judgment made no mention of any warrants and furnished no information to the treasurer that the amount therein found to be due from the district was based upon warrants theretofore issued. Was the treasurer bound to inquire into the nature of the action and pay out the money of the district on such demand? These are questions of more or less importance in determining whether the writ should issue. But as we think respondent was justified in refusing payment on other grounds, we refrain from passing upon the effect of the said judgment.

Conceding that petitioner did not, by this judgment, lose its right to have the warrants paid, we think that holders of warrants on which demand for payment and registration had been made, prior to petitioner's demand, were entitled to priority of payment in the order of their registration, and hence upon the facts found, the treasurer was justified in refusing payment of petitioner's warrants.

In *La France Fire Engine Co.* v. *Davis,* 9 Wash. 600, [38 Pac. 154], as we understand the decision, the warrants in question were issued at a time when there was no law requiring warrants to be paid in any particular order, but such a law was afterward passed. The court said: "But in our

opinion, even before the passage of such act, it was the duty of the treasurer to pay warrants drawn upon any particular fund in the order either of their date, or of the time of their presentation to him for payment.''

This rule was followed in *Bardsley* v. *Sternberg*, 18 Wash. 612, [52 Pac. 251], as applicable to the payment of city warrants, the court holding that warrants like those involved ''are payable, in the absence of legislative direction, either in the order of their issuance or of their presentation, and not at the direction of the particular officer whose duty it is to pay them.''

In *First Nat. Bank of Northhampton* v. *Arthur*, 10 Colo. App. 283, [50 Pac. 738], neither the charter nor the ordinance of the city prescribed the precise order in which the treasurer should pay the city warrants. A section of an ordinance of the city provided that whenever a city warrant was presented for payment and there were no funds for the payment of the same, it became the duty of the treasurer to register such warrants in a book kept for that purpose showing the date and amount of such warrant and the name of the person to whom payable, together with the date of presentation, and to indorse upon the face of such warrant the time and date of registry. The court said: ''Ordinarily, the debtor is required to seek the creditor, if he desires to discharge an obligation, and no place of payment is prescribed therein, but this rule does not prevail as to the warrants or orders of municipal corporations of this character. When, therefore, the holder of a city warrant presents it for payment, and this is refused on account of want of funds, and the warrant is registered by the treasurer, he has a right to assume, in the absence of any law or ordinance to the contrary, that his warrant will be paid in the order of his demand for payment, and of its registration. He has been diligent and has done everything in his power to secure and protect himself in his rights, which ought, in justice, to be superior to those who may secure evidences of indebtedness subsequently issued.'' Referring to the registration required, the court said further: ''This object, undoubtedly, was the ultimate redemption of the warrants in the order of their registration. Any other construction of the ordinance would tend to seriously impair the credit of the city, by making a creditor depend for the satisfaction of his claim

solely upon the will and caprice of the treasurer." Replying to the contention that the order of payment was within the discretion of the treasurer, the court said: "The ordinary rule of law is that a debtor can direct the application of payment. In this case, however, the city, not the treasurer, is the debtor; and in the absence of any direction by it, or by the general or special law which controls it, the courts will direct such application as will not be inequitable or unjust to the creditor, and at the same time subserve the best interests of the municipality." After thus dealing with the question, the court calls attention to a general statute which the court thought did in terms require warrants to be paid in the order presented for payment. What measure of force was given this law in deciding the case, we do not know, but we cannot assume that it was the controlling or only factor. However, we think the decision might well have rested upon the reasoning of the opinion apart from the law referred to.

Appellant contends that the question was directly presented in *Meyer* v. *Widber*, 126 Cal. 252, [58 Pac. 532], and decided favorably to its contention. That case was *mandamus* against the treasurer of the city and county of San Francisco to compel the payment of certain Dupont Street bonds. The decision was by a divided court, and all the reasons advanced in support of the prevailing opinion were very earnestly assailed by the late Chief Justice Beatty in the dissenting opinion concurred in by Justices Henshaw and Temple. The concluding declaration is as follows: "The truth is, the doctrine of this case, carried to its logical conclusion, will permit the custodian of a fund in the position of this defendant to pay or refuse to pay those who make demands as his fancy inclines. As long as he is not sued he may refuse one and pay another, irrespective of the order of their demands, or he may refuse them all until some favored claimant serves him with a writ of mandate. The doctrine is, in my opinion, without reason to support it, and is pernicious in its consequence."

Notwithstanding that we think the views expressed by the court in *First Nat. Bank of Northhampton* v. *Arthur*, 10 Colo. App. 283, [50 Pac. 738], and the decision by the Washington court, are satisfactory and warrant our holding to the rule announced in those cases, we should feel bound to follow the rule laid down in *Meyer* v. *Widber*, until overruled by that

court, if it could not be distinguished from the present case. We think the facts in the two cases are essentially different. It was stated in *Meyer* v. *Widber,* in the prevailing opinion of the court, among other reasons for the decision, as follows: "There is no law requiring a record to·be kept of the respective dates when demands may be made upon the treasurer for the payment of these bonds. The treasurer succeeding the present incumbent will have no knowledge whatever of any demands outstanding against the bond fund when he assumes his office. And at that time, if there be money in the fund, and demand be made upon him for the payment of certain bonds, we cannot see how he would be justified in refusing to apply these moneys to the payment of such bonds." The statute made no provision for the registration of these Dupont Street bonds or that any record should be kept of the holders of any such bonds. All that the treasurer knew when the demand was made upon him by Meyer was, that there were other outstanding bonds in the hands of unknown persons of whose demands for payment, if such had been made, the treasurer had no means of knowing. In the present case the warrants, held by the trial court to have priority, were presented for payment, and of that fact and of the number of the warrants, a registration was made and the reason for nonpayment indorsed thereon.

As was said in the Arthur case, *supra,* the warrant holder "has been diligent and has done everything in his power to secure and protect his rights, which ought, in justice, to be superior to those who may receive evidence of indebtedness subsequently issued." We think, as was there said, that the courts should "direct such application as will not be inequitable or unjust to the creditor and at the same time subserve the best interests of the municipality."

In holding, as we do, that the treasurer was justified in refusing to comply with plaintiff's demand for the reason assigned by him, we are but giving to sections 3456 and 3457 of the Political Code a construction in harmony with the general law with reference to the payment of county warrants. (Pol. Code, secs. 4108, 4109.)

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 5, 1917, and the following opinion then rendered thereon:

THE COURT.—The point emphasized on petition for rehearing is a challenge to the right to the writ by the warrant holders held entitled to priority, for the reason that no demand was made by them for payment. It will be observed from a reading of the statute that the warrants bear interest from their date and not from the date of registration, as is the case of warrants generally authorized by boards of supervisors, and they were therefore not required to present the warrants for payment in order to obtain interest.

Section 3457 provides as follows: "The warrants drawn by the trustees must be presented to the treasurer of the county, and if they are not paid on presentation, such indorsement must be made thereon, and they must be registered," etc. It seems to us that this "presentation" is a demand for payment. The clause "if they are not paid on presentation" would seem to imply that the presentation was for payment.

However, the holders of these registered warrants who are given priority of payment are not seeking the writ. The respondent is justifying himself in refusing payment to petitioner because of the rights of these prior warrant holders. It seems to us that respondent could interpose this defense without showing a demand of the holders of these warrants made subsequently to their presentation and registration.

Upon other points we have no further comment to make. The petition for rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 1, 1917.